IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZHENXIANG HUANG,

Plaintiff,

v.

SECRETARY KRISTI NOEM, *et al.*,

Defendants.

CIVIL ACTION NO.
1:25-cv-04231-TRJ

**ORDER**

On December 23, 2025, Defendants filed a motion to dismiss for lack of subject matter jurisdiction due to mootness. (Doc. 8). Defendants argue that Plaintiff's Complaint is moot because he filed this lawsuit to compel Defendants to adjudicate two pending I-130 Petitions for Alien Relative, and Defendants have since approved the I-130 Petitions. (Doc. 8-1 at 1, 4). Plaintiff did not file a response to Defendants' motion, indicating that it is unopposed. *See* LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

Federal courts lack the authority to decide moot questions or abstract propositions of law because they do not constitute "cases or controversies" under Article III of the Unites States Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401–03 (1975); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). If a claim is moot, the court lacks subject matter jurisdiction over it. *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 406–07 (1972). In order for a court to retain jurisdiction, a real controversy must exist, not only when suit is filed, but throughout

all stages of the case. *Al Najjar*, 273 F.3d at 1355; *Chiles v. Thornburgh*, 865 F.2d 1197, 1202 (11th Cir. 1989). Where intervening events occur after the filing of a lawsuit that deprive the district court of its ability to afford any meaningful relief to the plaintiff, the claim is rendered moot and should be dismissed. *Kassama v. Chertoff*, No. 1:08-cv-00860-WSD, 2008 WL 2227504, at *1 (N.D. Ga. May 27, 2008) ("The challenged action underlying the Plaintiff's claims—the adjudication of his I-485 application—has been completed and thus cannot be decided through this lawsuit."). In the immigration context, when a plaintiff is no longer eligible to receive the relief requested, the district court must dismiss the case as moot. *Gupta v. United States Atty Gen.*, 798 F. App'x 606, 607 (11th Cir. 2020); *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003). Here, Plaintiff's claims became moot when USCIS approved the I-130 Petitions. Thus, there is no case or controversy and no meaningful relief the Court can now provide.

Accordingly, Defendants' Motion to Dismiss for Mootness (Doc. 8) is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction due to mootness. The Clerk is respectfully **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 14th day of January, 2026.

TIFFANY R. JOHNSON
United States District Judge